UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAYAAN TEC, INC. DOLPHON GAME, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:24-cv-01584 |
| ACE PROPERTY & CASUALTY INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Ace Property & Casualty Insurance Company ("ACE" or "Defendant") hereby removes the action styled and numbered *Kayaan Tec, Inc. Dolphon Game v. Ace Property & Casualty Insurance Company.,* Cause No. 202419019, pending in the 151st Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

**I.
THE STATE COURT ACTION**

1.     Plaintiff Kayaan Tec, Inc. d/b/a Dolphin Game (incorrectly named as Kayaan Tec, Inc. Dolphon Game and collectively referred to herein as "Plaintiff" or "Kayaan") commenced this lawsuit on March 25, 2024 by filing Plaintiff's Original Petition Expedited Action Under TRCP 169 ("Original Petition") in the 151st Judicial District Court of Harris County, Texas – Cause No. 202419019.

2.     Plaintiff's Original Petition, which includes a jury demand, named ACE Property

& Casualty Insurance Company as the only defendant in this action.[1]

## II.
## NOTICE OF REMOVAL IS TIMELY

3. ACE was served with Plaintiff's Original Petition on April 4, 2024. Accordingly, ACE files this Notice of Removal within the 30-day period required by 28 U.S.C. § 1446(b).

## III.
## VENUE IS PROPER

4. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division under 28 U.S.C. §§ 124(a)(2) and 1441(a) because this District and Division embrace the place in which the removed action is pending.

## IV.
## BASIS FOR REMOVAL

5. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.   Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and ACE.**

6. Defendant ACE is and was at the time this lawsuit was filed, and at the date of this Notice, a corporation organized under the laws of and with its principal place of business in the Commonwealth of Pennsylvania. Consequently, ACE is a citizen of Pennsylvania for purposes of diversity of citizenship.

---

[1] *See* Plaintiff's Original Petition, attached as **Exhibit B.**

7. Upon information and belief, Plaintiff Kayaan is a corporation organized under the laws of the State of Texas, with its principal place of business in Sugar Land, Texas. According to the Texas Secretary of State, Plaintiff's assumed name is identified as "Dolphin Game." Accordingly, Plaintiff is a citizen of Texas for diversity jurisdiction purposes.

8. Based on the foregoing, there is now, and at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendant.

**B. Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

9. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs."

10. When removal is premised on diversity jurisdiction, courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[2] The Court must first examine Plaintiff's Original Petition to determine whether it is "facially apparent" that the claims exceed the minimum jurisdictional requirement.[3] "If it is not thus apparent, the [C]ourt may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."[4] Courts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden.[5]

11. In Plaintiff's Original Petition, Plaintiff states that "the amount in controversy is within the jurisdictional limits of the court and Plaintiff seeks monetary relief over $250,000 but

---

[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[3] *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[4] *Id.*
[5] *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254-55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008).

not more than $1,000,000."[6]

12. ACE denies the validity and merits of Plaintiff's claims in this action, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiff. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief whatsoever, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Thus, Plaintiff's claims exceed the minimum jurisdictional requirement of $75,000.00. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## V.
## COMPLIANCE WITH 28 U.S.C. §1446

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice or Removal will be given to all adverse parties promptly after the filing, and Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

15. As required by 28 U.S.C. Section 1446(a) and LR81, a copy of each of the following are attached to (or filed with) this Notice of Removal:

    a. All executed process in this case, attached as Exhibit A;

    b. Plaintiff's Original Petition Expedited Action Under TRCP 16 (with Jury Demand), attached as Exhibit B;

    c. State Court Docket Sheet, attached as Exhibit C;

    d. An index of matters being filed, attached as Exhibit D; and

    e. List of all counsel of record, attached as Exhibit E.

---

[6] *See* Plaintiff's Original Petition at ¶ 7, attached as **Exhibit B.**

## VI.
## CONCLUSION

WHEREFORE, Defendant ACE Property & Casualty Insurance Company hereby provides notice that this action is duly removed from the 151st Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By:   /s/ Eric K. Bowers
Eric K. Bowers
(Attorney-in-Charge)
Texas Bar No. 24045538
Southern Member ID No. 658370
ebowers@zellelaw.com
(Of Counsel)
Mariana P. Best
Texas Bar No. 24132505
Southern Member ID No. 3869304
mbest@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:   214-742-3000
Facsimile:   214-760-8994

**ATTORNEYS FOR DEFENDANT ACE PROPERTY & CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    A true and correct copy of the foregoing has been served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 29th day of April 2024:

Eric B. Dick
eric@dicklawfirm.com
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, TX  77092
Telephone:     844-447-3234
Facsimile:      844-447-3234
***Attorney for Plaintiff Kayaan Tec, Inc.***
***Dolphon Game***

                                               */s/ Eric K. Bowers*
                                               Eric K. Bowers